IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERM DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-00049-01-CR-W-DGK |
| | ) | |
| LAMAR L. GREER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS

Now before the Court is Defendant Lamar L. Greer's Motion to Suppress Evidence, ECF No. 25, and United States Magistrate Judge Lajuana M. Counts' Report and Recommendation, ECF No. 41, recommending the Court deny the motion. Defendant has objected. ECF No. 43.

Defendant is charged with possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 13. Defendant seeks to suppress all evidence obtained as a result of an alleged unlawful seizure and arrest, *see* Mot. at 6–7; namely, the fentanyl and firearm he is charged with possessing; cocaine, drug paraphernalia, and cash; and statements made to law enforcement after his arrest.

A summary of the events is as follows. Law enforcement officers observed a Dodge Charger parked in an area known for drug activity. The vehicle was not parked in a parking stall, but rather in the parking lot's lane of traffic. Officers observed multiple individuals at the driver's side door. The officers passed by the parking lot on several more occasions and observed the vehicle in same location. After several hours, officers approached the vehicle to check on the well-being of the vehicle's occupant. When officers approached, they observed

Defendant passed out behind the wheel. The vehicle was in "Drive" and Defendant's foot was on the brake. Officers observed in plain view plastic bags containing blue pills. The officers suspected the pills to be fentanyl because multiple fentanyl overdoses had occurred in the same parking lot. The officers placed stop sticks in front of the vehicle's wheels and proceeded to wake up Defendant. Officers opened the driver's side door and attempted to remove Defendant from the vehicle. But before they were able to do so, Defendant hit the gas, drove away, and led officers on a nearly 20-minute pursuit before being arrested. During the pursuit, Defendant threw a firearm, suspected fentanyl, and other unknown objects out of his vehicle. The firearm and suspected fentanyl were recovered by officers.

Defendant argues all the evidence should be suppressed because he "was arrested either when police placed stop sticks to prevent his car's movement or when police made physical contact with him," rather than when he was arrested after fleeing the scene. *See id.* at 3. The Magistrate's report and recommendation found the officer's conducted an investigative stop supported by reasonable suspicion.

Defendant raises two objections to the Magistrate's report and recommendation. First, Defendant contends the Magistrate's finding that the officer's conducted an investigative stop rather than an arrest was erroneous because the Court did not discuss *Torres v. Madrid*, 592 U.S. 306 (2021). *See* Objection ¶¶ 2–4, ECF No. 43. Defendant's reliance on *Torres* is inapposite. In *Torres*, the Supreme Court held that "the application of physical force to the body of a person with intent to restrain is a seizure even if the person does not submit and is not subdued." 592 U.S. at 325. But the "seizure" *Torres* addressed was not in the context of an arrest, so it does not impact the Magistrate's analysis. *See id.* at 309 (noting Torres was not the target of the arrest warrant).

Second, Defendant argues that even if it was an investigatory stop, the facts do not support "a reasonable, articulable suspicion that criminal activity was afoot." Objection ¶¶ 5–13. The Magistrate's report and recommendation discussed the facts outline above, and found the officers had "reasonable, articulable suspicion that the individual behind the wheel of the Dodge Charger was involved in drug transactions." R&R at 7–8. The Court agrees.

After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1, the Court agrees with the Magistrate's thorough and well-reasoned opinion.

The Court ADOPTS the Report and Recommendation and DENIES Defendant's motion.

**IT IS SO ORDERED.**

Date:  September 13, 2024  

    /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT